Robert James **HAMILTON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. KCD 26313.

Missouri Court of Appeals, Kansas City District.

Jan. 19, 1973.

William E. Erdrich, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, and Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Jefferson City, and Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, P. J., PRITCHARD, J., and HARRY A. HALL, Special Judge.

PER CURIAM:

Upon this appeal from the denial of a motion under Rule 27.26, V.A.M.R., appellant seeks reversal and the vacating or setting aside of a 40 year sentence for armed robbery of the Meyer Jewelry Store entered upon his plea of guilty July 30, 1970. Three grounds are asserted for the requested relief, and one of those is Point II: Whether the trial court improperly and erroneously considered another unproved charge of other offenses of armed robbery and murder in connection with the robbery of Jo-Art's Jewelry Store. After appellant's plea of guilty to the Meyer Jewelry robbery and was sentenced, the two other charges were dismissed by the state.

The trial court, however, made no finding with respect to Point II, and it is impossible for this court to consider whether the ultimate conclusion that appellant was entitled to no relief as to this contention or whether it is or is not clearly erroneous. This necessitates a remand for a consideration and finding with respect to the matters asserted in Point II. In the reconsideration of this point, counsel and the court may desire to examine Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; United States v. Weston, 448 F.2d 626, 633 (9th Cir.); and the annotation "Other Offense—Consideration", 96 ALR2d 768, and Later Case Service thereto, page 170, and the pocket part.

In order to narrow the issues on remand, Points I and III may be disposed of on this appeal. Point I is that appellant pleaded guilty as the result of the mistaken belief that he would receive no more than a 10 year sentence, and that the state would make no recommendation as to sentence. Attorney, Charles Gallipeau, represented appellant and was present when he pleaded guilty. He had represented him also in a robbery-murder case growing out of the Jo-Art's Jewelry Store at 39th and Main in Kansas City for about 18 months.

Gallipeau had several conversations with Mr. David Freeman of the prosecutor's office, and they agreed if appellant pleaded guilty to the Meyer Jewelry robbery, the state would dismiss the Jo-Art's case, and that the state would make no recommendation as to punishment. He did not have any promise from Mr. Freeman or anyone else that appellant would receive a term of 10 years or less. Gallipeau, having talked with appellant, told him that he could in no way tell him what the court would sentence him to, and upon appellant's further pressing: " 'Well, what do you think?' I said, 'Well,'—He had asked me about the possibility of probation after his jail time; I said I didn't think that was any possibility. And I said if I was to have to guess I would guess somewhere around ten years, 'but that is simply a guess on my part.' But of course having had some criminal practice, I know full well you cannot tell what the judge is going to do in the way of sentencing and I never tell a defendant that, and I didn't in this case." Gallipeau told appellant that he felt there was a defensible case in the Jo-Art's situation, but some elements of the evidence would weigh against him, "so it was quite a gamble" and that he had already admitted the Meyer Jewelry robbery to law enforcement officials and to the prosecutor's office, and had nothing to lose in pleading guilty to it in return for the dismissal of Jo-Art's. Gallipeau remembered all the questions put to appellant by the court, and his answers, at the time of accepting the plea. Through inadvertence at that time, the state did make a recommendation as to sentence (50 years) but that was withdrawn.

Appellant, in testifying, acknowledged that Gallipeau told him he could not guarantee a five year sentence; that the state's recommendation was made and withdrawn; that Gallipeau had given him a guess of 10 years—they had talked about it, "so I had actually just took this upon myself, in thinking that this was what I was going to get." It was, however, just a hope and was not based on any direct or indirect promise, or a guarantee. There was no outside inducement to plead.

The record of the proceedings in which the plea was eventually accepted shows that the court declined to accept the plea twice upon appellant's equivocal statements that he was not criminally involved in the robbery. Upon his recanting these statements, the plea was accepted after appellant was advised of the nature of the charge, its penalties (which he knew), and his right to jury trial in which the penalty imposed could be greater or less than the court might impose. Appellant stated then that no promise or inducement had been made to cause the court to accept his plea, and no one had undertaken to tell him what might be done with respect to probation or parole. He stated that he was asking the court to accept his plea because he was in fact guilty of the offense. Appellant was satisfied with his lawyer's services.

■ Under appellant's own testimony that his counsel made only a guess as to a ten year sentence, and under the court's record at the time of plea, the court's finding that appellant's plea was freely, voluntarily and intelligently made, without promise or inducement, is not clearly erroneous. Rule 27.26(j), V.A.M.R.; although the state did mistakenly recommend a fifty year sentence, that mistake was immediately rectified by withdrawal of the recommendation in open court. Point I is overruled.

■■ In Point III, appellant claims he was sentenced without the court first declaring there was no need for a presentence investigation and report, although a probation officer was available to the court at the time. He says in his brief that there was no mention made of a presentence investigation, but the record refutes that statement. The court specially "orders no presentence investigation be made." Under Rule 27.07(b) and State v. Maloney, Mo., 434 S.W.2d 487, it is provided only that a presentence investigation be made unless otherwise directed by the court. There was a direction by the court

here, and that matter is purely discretionary.  Point III is overruled.

The judgment is reversed and remanded with directions to the court to make findings as to whether there was an improper consideration of other unproved charges in the sentencing procedures.  Otherwise, the judgment is affirmed.