James ROULETTE, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26272.

Missouri Court of Appeals,
Kansas City District.

Dec. 3, 1973.

Motion for Rehearing and/or Transfer
Denied Jan. 4, 1974.

Application to Transfer Denied Feb. 11, 1974.

Willard B. Bunch, Public Defender, William E. Mounts, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card II, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM.

This appeal is from an order denying a Rule 27.26, V.A.M.R., motion to vacate a judgment and sentence imposed upon conviction for murder in the first degree. The allegations of the motion were that movant had been denied the effective assistance of counsel both at the trial of the criminal offense and then on appeal. After an evidentiary hearing on the motion, relief was denied as to all grounds.

Appellant's first complaint is that the brief filed by retained counsel in the Supreme Court on his behalf shows such lack of professional skill and competence to demonstrate denial of effective assistance of counsel on the original appeal and, thus, the benefits of Sixth Amendment to the United States Constitution. Whatever may be the merit of this claim, appellant seeks relief in the wrong forum. Rule 27.-26 authorizes a trial court to set aside a judgment of conviction for infirmities arising from trial proceedings only; relief from defects in proceedings before the appellate courts are beyond the scope of the remedy. Such relief is obtainable only in the appellate court of rendition by motion to recall mandate, vacate the judgment of affirmance and redocket the cause for rehearing. State v. Schaffer, 383 S.W.2d 698, 799 [6–9] (Mo.1964). Accordingly, relief is denied on this point.

For his second point appellant contends he was denied effective assistance of

court-appointed counsel whose incompetence is shown in three particulars: first, counsel did not give sufficient time in preparation of the defense; second, counsel neither interviewed nor called as a witness a companion who had made certain incriminating statements which were used against appellant at the trial; and third, defense counsel failed to strike a venireman who admitted that he was acquainted with the murder victim.

■ The claim that counsel did not prepare a proper defense was shown by appellant's evidence to be a complaint that counsel did not spend adequate time conferring with him in preparation for trial. Appellant testified that he met his counsel on three occasions: once for forty-five minutes when counsel was appointed, another time four weeks later when a guilty plea was discussed and, then, on the morning of trial. Competency of counsel, however, cannot be determined by the amount of time spent in consultation with his client in the absence of a showing that more time was necessary. State v. Babcock, 485 S.W.2d 85, 89 [3, 4] (Mo.1972).

Relief on this point is denied.

■ Appellant next contends his counsel should have interviewed and called as a witness James Johnson, a companion, who was arrested with appellant and charged with murder arising from the same incident. Johnson had made a statement to interrogating officers admitting guilt and implicating appellant in the crime. Appellant, who was present during the interrogation, had acquiesced in the statement by nodding his head in agreement, from time to time, when asked if Johnson's statements were correct. At the Rule 27.26 hearing appellant testified he had requested his attorney to interview Johnson because he was certain Johnson would repudiate the testifying officer's account of the confession. Appellant contends counsel's failure to interview the witness and then use him at the trial amounted to ineffective assistance of counsel. Counsel testified that he did interview a codefendant, although he could not recall his name, but that he would have relied on his own judgment as to whom to call as a witness, rather than have unqualifiedly followed a client's direction. It is to be noted that although at the time of the Rule 27.26 hearing Johnson was a fellow inmate of appellant, and thus subject to compulsory process, he was not called as a witness by appellant. The assertion that Johnson was ready, if called at the criminal trial, to repudiate appellant's complicity in the murder, remained unproven. On this evidence, the trial court was justified in resolving this factual issue against appellant. Johnson v. State, 479 S.W.2d 416, 419 [3] (Mo.1972). Although the trial court made no specific finding that the failure to call Johnson as a witness was explainable as a knowledgeable choice of trial tactic by counsel, the issue was fairly determined by the court's general finding: "Any decisions made by Movant's trial attorney . . . were a part of his trial strategy, and did not demonstrate in any way any type of breach of his legal duty to effectively represent Movant's interests".

■ The remaining assertion for relief was that trial counsel was incompetent in having failed to strike from the panel a venireman who disclosed on the voir dire that he was acquainted with the murder victim. This raised an issue of fact which the trial court did not resolve by a specific finding as required by Rule 27.26(i). We remanded to the trial court for additional finding of fact, conclusion of law and entry of final judgment. Upon remand, the trial court examined the transcript of the voir dire examination and entered a finding that the venireman was not a personal friend of the victim, and a conclusion of law that appellant's counsel was not ineffective for having failed to strike him, and a final judgment denying postconviction relief. The finding, conclusion and judgment are not clearly erroneous.

The judgment is affirmed.