Edward FIELDS, Jr., Movant-Appellant,

v.

STATE of Missouri.

No. 60562.

Supreme Court of Missouri,
En Banc.

Nov. 6, 1978.

Terry Daley, Asst. Public Defender, Rolla, for movant-appellant.

Stanley Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

In 1975, appellant was convicted of rape and sentenced to twenty-five years imprisonment. The conviction was affirmed on appeal. *State v. Fields*, 538 S.W.2d 348 (Mo.App.1976). In 1976 and again in 1977, appellant filed *pro se* motions pursuant to rule 27.26 to vacate the sentence. Each motion was accompanied by a "motion for leave to appeal [sic] in Forma Pauperis." These motions to appear in forma pauperis were denied in the trial court because the first motion did "not contain any allegation of error not contained in [appellant's] motion for new trial and not presented and determined on appeal," and because "all matters in [appellant's second] motion under rule 27.26 were raised and ruled in the appeal." Appellant did not appeal from either ruling. Appellant filed a third rule

27.26 motion stating the ground that "movant was denied effective assistance of counsel." This ground had not been alleged in appellant's two previous motions. Appellant's only stated reason for not having raised this ground in his previous motions was "ineffective assistance of counsel was not raised because I didn't know or understand what could be raised on a 27.26 motion." On February 28, 1977, the trial court denied appellant's third 27.26 motion without evidentiary hearing and appellant appealed.

Relying on *Nolan v. State*, 484 S.W.2d 273, 274 (Mo.1972), the court of appeals determined that a second or successive rule 27.26 motion is not to be entertained where the ground presented in the second or successive motion could have been raised in the first motion pursuant to rule 27.26(c) unless the movant alleges a reason or reasons which, if established by proof, would authorize a finding that he could not previously have presented these new grounds. Relying further upon *Grant v. State*, 486 S.W.2d 641, 643–44 (Mo.1972), the court of appeals held that the bare allegation of "lack of legal knowledge" is insufficient to authorize a finding that the movant could not have previously presented the new grounds in a previous rule 27.26 motion. *See Careaga v. State*, 552 S.W.2d 25, 27 (Mo.App.1977); *Evans v. State*, 545 S.W.2d 674, 675 (Mo. App.1976).

We granted transfer for the purpose of reviewing our procedures in respect of post-conviction motions to vacate sentence or judgment under rule 27.26, although we will dispose of the case as though here on original appeal. For reasons stated below, we reverse and remand.

I

Rule 27.26, originally adopted by this court in 1953,[1] was "radically amended" in

---

1. The complete text of the former rule 27.26, prior to the amendment of January 9, 1967, read as follows:

A prisoner in custody under sentence and claiming a right to being released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file

1967,[2] *State v. Maxwell*, 411 S.W.2d 237, 241 (Mo.1967), "after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated. The procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable. No cost deposit shall be required.

a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. Unless the motion and the files and records of the case shows to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner. An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment within the purview of Rules 28.03 and 28.04.

2. Amended rule 27.26 reads as follows:

   **27.26 Sentence Unlawful—Motion to Vacate or Correct—Form and Scope of Motion—Notice to Prosecuting Attorney—Appointment of Counsel—Hearing—Order—Effect of Order—Appeal**

   · A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

   **(a) Nature of Remedy.** This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks relief on the basis of any of the attacks on a sentence enumerated above. The motion seeking such relief shall be filed in the court where the sentence was imposed. This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus. A motion filed hereunder is an independent civil action which should be separately docketed. The procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable. No cost deposit shall be required.

   **(b) When Remedy May Be Invoked.**

   (1) The provisions of this Rule may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected.

   (2) A motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected.

   (3) A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal.

   **(c) Form and Sufficiency of Motion.** A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him.

   **(d) Successive Motions.** The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

   **(e) Hearing.** As soon as a motion hereunder is received by the circuit clerk, he shall notify the prosecuting attorney and transmit a copy thereof to him. If appointment of counsel is required under (h) of this Rule, such counsel shall be appointed immediately and a copy of the motion transmitted to him. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held. "Prompt" means as soon as reasonably possible considering other urgent business of the court. This hearing shall be an evidentiary hearing if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing. All

ed in the so-called trilogy of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 [(1963)], . . . *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 [(1963)], and *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 [(1963)]. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent." *State v. Stidham*, 415 S.W.2d 297, 298 (Mo. banc 1967).

A motion under the rule "ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Rule 27.-26(b)(3). It is not the proper vehicle for the relitigation of a defendant's guilt or innocence, *Bradley v. State*, 494 S.W.2d 45, 48 (Mo.1973); *Robinson v. State*, 491 S.W.2d 314, 315 (Mo.1973). Its "sole purpose . . . is to determine whether defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void." *Wright v. State*, 459 S.W.2d 370 (Mo.1970). It is, in short, a procedure designed to achieve a unitary and expeditious post-conviction review of alleged constitutional defects in the trial or sentence of a criminal defendant where the challenge to such defects has not been knowingly and voluntarily waived, *Nickens v. State*, 506 S.W.2d 381, 386 (Mo.1974), and the asserted defects have not been passed upon in a prior appeal. It is intended to bring a

proceedings on the motion shall be recorded by the official court reporter.

**(f) Burden of Proof.** The prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence.

**(g) Presence of Prisoner.** The prisoner shall be produced at any evidentiary hearing on a motion attacking a sentence where there are substantial issues of fact.

**(h) Right to Counsel.** If a motion presents questions of law or issues of fact, the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motion filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel in his stead.

**(i) Judgment.** The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

**(j) Appeal.** An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment for purposes of appeal by the prisoner or by the State. An appeal may be taken from the order entered on the motion as in a civil case as authorized by § 512.020, RSMo 1959, V.A.M.S. Appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous.

**(k) Costs.** If the trial court finds that a prisoner desiring to appeal is an indigent person, it shall authorize an appeal *in forma pauperis* and furnish without cost the transcript of such proceeding for appellate review. The trial court, when the appeal is taken, shall order the official court reporter to prepare the transcript promptly. If the trial court finds adversely to a prisoner on the issue of indigency, it shall certify and transmit to the appellate court a transcript of the evidence on that issue only so as to permit review of that issue by the appellate court.

**(*l*) Counsel on Appeal.** If a prisoner desires to appeal and contends he is without means to employ counsel to perfect the appeal, the trial court, if satisfied that the prisoner is an indigent person, shall appoint competent counsel to conduct such appeal. Such counsel, may, in the discretion of the court, be the same counsel who represented the prisoner in the trial court on said motion. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel in his stead.

measure of resolution and finality to the criminal proceedings of this state.

The rule has been the subject of high praise as "the most enlightened postconviction procedure of any state", *Garton v. Swenson*, 266 F.Supp. 726 (W.D.Mo.1967) to which "no greater success" in the structuring of a state postconviction can be compared. Lay, Post Conviction Remedies and the Overburdened Judiciary: Solutions Ahead, 3 Creighton L.Rev. 5, 21 (1970). By this court's adoption of the amended rule, it "assumed complete responsibility for protecting constitutional rights in accordance with federal principles," Anderson, Post-Conviction Relief in Missouri—Five Years Under Amended Rule 27.26, 38 Mo.L.Rev. 1, 43 (1973), embracing "state primacy" in the implementation and administration of guarantees of fair and just procedures as an integral part of our criminal law. *See Case v. Nebraska*, 381 U.S. 336, 344–45, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) (Brennan, J., concurring).

"Both the individual criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ultimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community. It is with this interest in mind, as well as the desire to avoid confinements contrary to fundamental justice, that courts and legislatures have developed rules governing the availability of collateral relief." *Sanders v. United States*, 373 U.S. 1, 24–25, 83 S.Ct. 1068, 1082, 10 L.Ed.2d 148 (1963) (Harlan, J., dissenting); *See also Schneckloth v. Bustamonte*, 412 U.S. 218, 256–66, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). Our experience in Missouri is no exception.

However praiseworthy and philosophically sound our amended rule 27.26 may be, its implementation and the practice under it have been confused by the plethora of appellate judicial opinions which construe the application of the rule in various circumstances. *See* Anderson, *supra*, 38 Mo.L.Rev.

at 2–3. Any cursory glance at West Publishing Company's General Digest (covering all jurisdictions) under the relevant key number reveals an overwhelming preponderance of Missouri cases construing the law of post-conviction relief. In 1968, the year following the adoption of the amended rule, the number of reported appellate opinions was 20; in 1969 the number was 54. Last year (1977) the number of rule 27.26 appeals reported was 96.

There are, no doubt, many reasons for this high volume of appellate cases. First and foremost, appeal from the denial of a motion to vacate sentence or judgment under rule 27.26 is guaranteed as a matter of right, with costs and counsel for indigent prisoners provided by the state.. Rule 27.-26(j), (k) and (*l*). But a second reason for the volume, we can now ascertain, has been our own disinclination to address the numerous interstitial aspects of rule 27.26 procedures in a comprehensive and unified fashion. We have rather relied upon traditional discrete case-by-case adjudication in the belief that the structure of the rule itself together with the policy and attitude for which it stands would yield concise and comprehensible procedural guidelines. This has not been the case. In one exception to that approach, the court in *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), set forth two procedural guidelines to which petitioners and lower courts have been held since its promulgation. The first stated that "[a] 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by . . . [the record]." *Id.* at 411. The other guidelines concerned the need for findings of fact and conclusions of law by the trial court following a motion to vacate sentence or judgment under rule 27.26(i). There this court said that a trial court's sustaining of the state's motion to dismiss the 27.26 motion "was equivalent to findings and conclusions in accordance with the grounds . . . set out in that motion [to dismiss]." *Id.* at 412.

By this ruling the majority in *Smith* sought, no doubt, to expedite and bring to some conclusion the post-conviction procedure, a worthy goal. However, the resulting application of *Smith* and that of its progeny, e. g. *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974), have not, in our observation, had their intended effect. Rather, the requirements for lawyerlike pleadings for *pro se* movants who are not permitted an appointed lawyer unless an evidentiary hearing is required, *Loflin v. State*, 492 S.W.2d 770, 772–73 (Mo. banc 1973); *Winston v. State*, 533 S.W.2d 709, 715 (Mo.App.1976), and the failure to require specific findings of fact and conclusions of law in each case as had been previously required, *Hamilton v. State*, 490 S.W.2d 363, 364 (Mo.1973); *Veneri v. State*, 474 S.W.2d 833, 841 (Mo.1971); *Durham v. State*, 473 S.W.2d 397, 398 (Mo.1971); *Larson v. State*, 437 S.W.2d 67, 69 (Mo.1969); *Drew v. State*, 436 S.W.2d 727, 730 (Mo. 1969); *Gerberding v. State*, 433 S.W.2d 820, 824 (Mo.1968); *Forbes v. State*, 511 S.W.2d 894, 895–96 (Mo.App.1974), have had an effect contrary to that which was intended. Our observation is that delay and confusion rather than speed and finality have been occasioned by *Smith*, and an excessive number of appeals have resulted from summary denials of *pro se* motions to vacate sentence or judgment without the appointment of counsel, evidentiary hearings, or specific findings of fact and conclusions of law. We have concluded, therefore, that *Smith* should be overruled insofar as it conflicts with our holding herein.

Nearly all motions to vacate under rule 27.26 are filed by prisoners without the services or assistance of counsel. These *pro se* movants are often aided by fellow prisoners colloquially known as "jailhouse lawyers" who assist other inmates in the disposition of their legal affairs. Yet with or without such assistance, the motions are often inarticulate and inartful expressions of frustration.

The proper agent to assist the court in the search to determine whether a claimed ground for relief is meritorious and deserving of relief or not meritorious or perhaps even frivolous is an attorney, appointed pursuant to rule 27.26(h). Under that rule counsel is obligated "to ascertain from the prisoner whether he had included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included." This obligation includes amending the motion, if necessary, more fully and accurately to allege the grounds which petitioner has undertaken to state in his *pro se* motion.[3]

Rule 27.26(h) states that counsel shall be appointed "[i]f a motion presents questions of law or issues of fact." This did not state a *per se* rule for appointment of counsel for indigent movants, but it contemplated that counsel would be required in most cases. This was recognized during the early days under the amended rule. We stated in *State v. Garner*, 412 S.W.2d 155, 157 (Mo. 1967), that "we cannot help but observe that assistance of counsel in preparing and filing an amended motion adequately stating all issues involved, in presenting the evidence in a clear and orderly manner, and finally in briefing the case as contemplated by applicable rules would make much easier the task of the trial and appellate courts in resolving the questions involved." However, there appears to have developed a tendency to appoint counsel less frequently. Under *Smith*, an attorney was to be appointed only if the *pro se* motion actually pleaded facts which, if true, would entitle him to relief. It appears that frequently the determination of whether to appoint

---

**3.** Appointed counsel has the duties and responsibilities enjoined upon him under the rule and petitioner has the correlative opportunity thereby provided to make a full disclosure of every fact he knows concerning his case to one who by his legal training is able to appreciate their legal significance. Additionally, an attorney is able by training and experience to ask probing questions and thereby elicit important information which the petitioner might otherwise fail to disclose through ignorance. These are important factors in enabling a strong measure of finality to be given the trial court's ruling in a 27.26 case where counsel has been appointed. See the discussion on finality and successive motions, *infra*.

counsel was deemed to be identical to the test as to whether to hold an evidentiary hearing under rule 27.26(e) and was determined simultaneously.

This is not what the rule intended. Rather, it provides a three-step process. The *first* step is the transmission of a copy of the 27.26 motion to the prosecuting attorney by the circuit clerk. *Second* is the determination of whether appointment of counsel is required. The *third* and final step is the prompt scheduling of a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, . . . ." The determination as to the appointment of counsel is thus meant to precede the determination as to whether or not to hold a hearing.

▉ As previously indicated, the case-by-case method of determining whether to appoint counsel for indigent *pro se* movants under rule 27.26 has not proved to be satisfactory. Consequently, we have decided to adopt a *per se* rule.[4] We have had such a rule with respect to appeals in 27.26 cases. Counsel is appointed for indigents in all such cases. We now will do likewise at the trial level. This will result in counsel being appointed after an indigent movant files a *pro se* motion under rule 27.26. Such counsel, after sufficient communication with movant, will have the opportunity and obligation to amend the motion to state factually in lawyerlike fashion the basis for all claims for relief under rule 27.26 which movant claims to have. After that has been done, the trial court will proceed to the third step of determining whether, on the basis of the amended motion, an evidentiary hearing is required. In ruling on the motion, whether with or without an evidentiary hearing, the court shall follow rule 27.26(i) and make findings of fact and conclusions of law on all issues presented. Only if that is done can the appellate court make the kind of review contemplated by rule 27.26(j). A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with rule 27.26(i). Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required.

Finality is a central aspect of rule 27.26. If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently. No one, least of all prisoners, stand to gain from a prolonged, cumbersome, repetitive post-conviction process. That is why rule 27.26(c) requires that every motion seeking relief under the rule "include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence", said allegations to be verified in writing by the prisoner. This is why rule 27.26(d) requires that the "sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion." This strict aspect of finality in post-conviction proceedings is one important reason why we have required specific findings of fact and conclusions of law in each 27.26 disposition pursuant to rule 27.26(i). *See McCormick v. State,* 502 S.W.2d 324, 326 (Mo.1973); *Duncan v. State,* 524 S.W.2d 140, 142 (Mo.App. 1975); *Roulette v. State,* 504 S.W.2d 331, 332 (Mo.App.1973).

▉ Even when a change is made effective prospectively only, as this rule change is, it is customary to grant relief to the litigant whose case brought about the change made by the opinion. Accordingly, we reverse and remand this case for appointment of counsel and the opportunity to amend, an opportunity which movant has not had in his efforts to obtain relief under rule 27.26.

4. An appropriate amendment of rule 27.26 will be made and published. Meanwhile, the directions contained herein are to be followed.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.