**Glenn WALLACE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 40283.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Marian G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant Glenn Wallace (hereafter "defendant") has appealed the summary denial of his *pro se* Rule 27.26 motion to set aside the conviction which followed his plea of guilty to felonious assault. Defendant's sole contention is that the trial court—although not requested to do so—erred in failing to appoint counsel to assist him in amending his nine-point motion. Such right to *sua sponte* appointment of counsel was declared in the case of *Fields v. State*, 572 S.W.2d 477 (Mo.1978). Defendant acknowledges *Fields* operated prospectively only and did not affect his motion, filed and denied before that date.

Defendant urges us, however, "in the interest of justice and fundamental fairness . . . to remand for appointment of counsel . . . ." We will treat this as a motion based on plain error on our own motion.

The essence of defendant's wide-ranging motion was that he was tricked and coerced

into pleading guilty and was under mental strain when he did so.

When defendant entered his plea he was represented by private counsel, with whom he expressed satisfaction. He was mature and well educated. Before accepting the guilty plea Judge Meyer patiently explained to defendant—who repeatedly said he understood—his trial rights of presumption of innocence, to remain silent, to confront adverse witnesses and to call his own, to have an unanimous guilty verdict at a speedy, public trial. Defendant said he understood the nature of the charge, the range of punishment and the factual elements the state would have to prove if he pleaded not guilty. Defendant denied any promises had been made concerning punishment and denied having any mental defect or using intoxicants; he admitted his conviction for a prior felony and knew the effect thereof. And, defendant admitted the crucial fact that following a quarrel he had fired a shotgun at the victim. Only after this meticulous examination did Judge Meyer conclude defendant's guilty plea was "made voluntarily, knowingly and intelligently."

We conclude that the allegations in defendant's Rule 27.26 motion are utterly refuted by the guilty plea record. Further, we do not believe movant is prejudiced by the non-application of *Fields* retrospectively.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.