Larry **CARRUTHERS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. KCD 30572.

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

Clifford A. Cohen, Public Defender, Kevin Locke and Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

SWOFFORD, Judge.

The appellant (defendant) upon a plea of guilty to the charge of the crime of Robbery, First Degree, was sentenced to ten (10) years confinement in the Missouri Division of Corrections on June 24, 1974. At this time the defendant was represented by competent counsel and the guilty plea was entered before Judge Harry Hall, an experienced and able judge, and with defense counsel present and participating in the plea proceedings.

On July 18, 1978, over four (4) years thereafter, the defendant filed a *pro se* Rule 27.26 motion to set aside and vacate the sentence and judgment upon two grounds. First, he complains that his "co-defendant", a known heroin dealer, equally guilty of the crime, was permitted to plead guilty to a lesser charge and was sentenced to only five years, and that the defendant is "entitled to the same sentence". Second, he asserts that at the time he entered his guilty plea, he was under the influence of narcotics—"black beauties" or "uppers"—which he had received from a fellow jail inmate, and he, the defendant, at the time of the plea, "did not know really what he was doing" and that, therefore, his guilty plea was not knowingly and voluntarily made.

The court below at the time this motion was filed was Judge Gene R. Martin. Judge Hall in the interim had retired and is now deceased. The successor Judge had before him the transcript of the proceeding upon the guilty plea and, of course, the

entire record of the underlying case. The Court did not appoint counsel nor was an evidentiary hearing held on the Rule 27.26 motion, but a lengthy and detailed Memorandum Opinion, Findings of Fact and Conclusions of Law were filed on October 2, 1978, denying relief under the motion and dismissing the case. The court below granted defendant leave to appeal in *forma pauperis* and appointed the Public Defender's Office of Jackson County, Missouri to handle this appeal.

The defendant raises two assignments of error which may be thus summarized: (I) the court is charged with error for denying the Rule 27.26 relief without a hearing because the defendant's grounds for relief were not *conclusively* resolved by the records and files of the case; and (II) the court erred in not appointing counsel for defendant in the 27.26 proceeding since the defendant's application for relief presented questions of law and issues of fact which necessitated the assistance of counsel. These points in fact deal with the same basic allegations of error and can be disposed of under the same line of controlling authority.

The principal emphasis in argument on his points rests solidly upon his claim that his plea of guilty was not knowingly or voluntarily made because at the time, he was incapable of voluntary or knowing decision by reason of being under the influence of narcotics, and upon the mandate of the Supreme Court of Missouri in *Fields v. State of Missouri*, 572 S.W.2d 477 (Mo. banc 1978) which held that in all *pro se* Rule 27.26 applications the trial court must appoint counsel. For these reasons the defendant strongly asserts that he was entitled to an evidentiary hearing with legal representation on the merits of his Rule 27.26 motion to vacate. Neither argument is valid under the record before this Court.

1. It is not necessary, and this Court does not here decide, what effect the decision of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) has upon this rule as to the requirement for a hearing after appointment of counsel in proceedings under Rule 27.26 initiated *pro se*. As

■ The ground raised in the motion to vacate, that the defendant's joint participant in the crime or as it is stated his "co-defendant" received a lesser sentence, deserves but minimal mention. The sentence received upon defendant's guilty plea was assessed only after a thorough hearing, a pre-sentence investigation, and is within the statutory limits of punishment for the crime with which he was charged. He was the sole defendant at all times in this proceeding. The sentence here sought to be vacated could not and will not be corrupted by comparison to a sentence meted out to his "co-defendant" in another distinct, separate and independent proceeding, by use of the vehicle of a Rule 27.26 motion.

■ The rule, as urged by the defendant, that an evidentiary hearing must be afforded under Rule 27.26 unless the movant's allegations were "*conclusively* resolved by the records and files of the case" (Emphasis supplied) was not the law at the time of this proceeding. The rule then, and applicable to this case, was that a hearing must be granted only when "such factual allegations are not refuted by facts elicited at the guilty plea hearing". Rule 27.26(e) V.A.M.R.; *Smith v. State*, 513 S.W.2d 407, 411[1] (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841.[1]

It is enlightening to note that in the case of *Smith v. State*, supra, the defendant there, among other things, alleged that he was incompetent at the time of his guilty plea because of drug addiction. At the plea hearing, he specifically stated he was neither under the influence of drugs or suffering withdrawal symptoms, and knowingly entered the plea of guilty. The court denied a hearing upon the ground that the guilty plea record showed that defendant's claim was refuted by his own statements.

In the instant case, the plea record discloses that the following occurred:

previously noted, the *pro se* motion in this case was filed July 18, 1978 and ruled October 2, 1978. *Fields* was not decided until November 6, 1978 and was ruled to be prospective only in its application.

"Q. (The Court) Are you under the influence of any drugs or alcohol at this time?

A. (The Defendant) No, I am not.

Q. (The Court) Have you ever had any psychiatric problems?

A. (The Defendant) No, I haven't.

Q. (The Court) Have you ever had any mental problems at all?

A. (The Defendant) No, I haven't.

Q. (The Court) You understand what is happening here today?

A. (The Defendant) Yes, I do.

Q. (The Court) Do you understand what the range of punishment is for robbery in the first degree?

A. (The Defendant) Yes, I do.

Q. (The Court) What do you understand that range to be?

A. (The Defendant) Five years to life.

Q. (The Court) By five years to life, you mean five years in the Missouri Department of Corrections to life imprisonment in the Missouri Department of Corrections?

A. (The Defendant) Right.

Q. (The Court) Is it your desire to plead guilty at this time?

A. (The Defendant) Yes, it is.

* * *"

 Judge Hall interrogated the defendant further at considerable length along the guidelines suggested in the concurring opinion in *Flood v. State*, 476 S.W.2d 529, 535–537 (Mo.1972). It should be again noted that at this proceeding defendant was represented by counsel, as was the State. Further, it was over four years later, including the five weeks between the plea and sentence, before the defendant first mentioned narcotics or in any way questioned that his plea was knowingly and voluntarily entered. These belated claims are positively refuted by the record, and although carefully noted, the authorities cited by the defendant do not persuade this Court that Judge Martin erred in denying an evidentiary hearing upon that ground and under the then state of the law.

With reference to the asserted error for failure to appoint counsel, before *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) under then existing law, including former Rule 27.26(h), there was no necessity for such appointment on post conviction proceedings when no evidentiary hearing was required. *Winston v. State*, 533 S.W.2d 709, 715[6] (Mo.App.1976). Since *Fields*, the Supreme Court has revised Rule 27.26(h) to conform to the holding in *Fields*, that upon the filing of a *pro se* motion by a prisoner, the "court shall immediately appoint counsel". However, as pointed out in Footnote 1 above, *Fields* was not decided until after the post conviction proceedings involved here, and the Supreme Court specifically ruled that its principles and mandate were to have only prospective application.

Under this record, and the then existing state of the law, the court below did not err in failing to appoint counsel.

The judgment is affirmed.

All concur.