Delano E. WALKER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 41474.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

---

**2.** This statute was in effect in identical form in RSMo 1969, as well.

Mary Bruntrager Schroeder, St. Louis, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Albert G. Tindall, Special Pros. Atty., Potosi, for respondent.

CRIST, Judge.

Rule 27.26 proceeding.

On December 15, 1977, movant entered pleas of guilty to three separate charges of exhibiting a firearm in a rude, angry and threatening manner while in the presence of Judge Gary Black, Deputy Sheriff Albert Turley and Prosecuting Attorney Gary Stevenson. He was represented by an attorney. The record shows that he voluntarily and knowingly entered his pleas of guilty to those charges. He was given consecutive sentences of three years on each charge. Movant sought to have those convictions set aside as follows:

10–16–78–Rule 27.26 motion filed alleging the charges were not felonies, his sentences were enhanced by a prior conviction and his attorney misadvised him.

10–31–78–Rule 27.26 motion overruled and "Findings of Fact, Conclusions of Law and Judgment" filed. Movant was not offered an attorney and was denied an evidentiary hearing.

11–6–78–*Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) decided, prospectively providing for counsel at the trial level in Rule 27.26 proceedings.

1–17–79–Without having perfected his appeal to the 10–31–78 judgment as provided by Rule 73.01, subd. 1(c), movant filed a motion alleging he had been denied counsel on his original Rule 27.-26 proceeding in violation of *Fields v. State*, supra and he was instructed by his counsel at the time of the entry of the guilty pleas to lie to the court about a promise of a 14 month sentence.

1–22–79–Counsel appointed to represent movant and given 30 days to amend his motion.

2–22–79–Movant granted additional time to amend his original motion.

3–20–79–Appointed counsel advised the trial court by letter that movant did not desire to amend his motion.

3–27–79–Rule 27.26 judge entered another judgment dismissing movant's 1–17–79 motion with prejudice and finding this motion was a second Rule 27.26 motion. Movant appeals from this judgment.

Movant alleges that *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) applied to his October 16, 1978 Rule 27.26 motion and entitled him to the assistance of counsel. Upon movant's failure to appeal this motion it became final. *Fields* was decided on November 6, 1978, six days after movant's October 16, 1978 motion was overruled. Since *Fields* was specifically designated to be prospective in its application, the requirement that counsel be appointed in Rule 27.26 motion does not apply to the movant herein. *Fields* at 483; *Westmoreland v. State*, 594 S.W.2d 596, 597 (Mo.banc 1980).

As the new ground for his January 17, 1979 Rule 27.26 motion, movant alleges that, at the time of the hearing on his plea of guilty, movant was instructed by his counsel to lie to the court. This allegation was within movant's knowledge at the time of the October 16, 1978 Rule 27.26 motion and therefore could have been raised at that time. The burden is on movant to allege reasons for not raising this ground in his prior motion. *Culberson v. State*, 571 S.W.2d 488, 489 (Mo.App.1978). Movant failed to allege any reasons for not raising this in his earlier motion and has therefore not met his burden.

There is another reason that movant must lose his appeal. The argument portion of movant's brief fails to comply with the Rule 30.06(h) requirement that page references to the transcript be included for any fact gleaned therefrom upon which movant intends to rely. *State v. Laususe*, 588 S.W.2d 719, 722 (Mo.App.1979).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.