**Nathaniel WILLIAMS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11674.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 15, 1981.

Michael F. O'Rourke, Charleston, for movant-appellant.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Appellant Nathaniel Williams lodged this appeal from the denial of his pro se motion to vacate concurrent sentences for stealing an automobile and first degree robbery which were entered in 1972 following his pleas of guilty. Appellant contends that the trial court should have appointed an attorney to represent him in this proceeding, should have conducted an evidentiary hearing, and should have made findings of fact and conclusions of law in ruling his motion. We affirm.

Appellant first sought Rule 27.26, V.A. M.R., relief from the sentences in 1976. He claimed he was not mentally competent to enter the pleas because of pain and drugs, he was unaware of the commission of the crimes until after his arrest, he had evi-

dence another person committed the crimes, and he had ineffective assistance of counsel because his attorney refused to present evidence the other person committed the crimes and insisted appellant plead guilty to the offenses. Appellant's first motion was denied and no appeal was taken.

Appellant's present motion was filed in 1978 prior to *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978).[1] He again alleged his mental incompetency to enter the pleas because of a wound and drugs, again alleged he was unaware the robbery had taken place, and his attorney was ineffective in the following respects: (a) refusing to file pretrial motions to suppress the evidence and for discovery; (b) failing to investigate his case and the witnesses as he had requested; (c) misleading him as to the plea bargain and instructing him to lie to the sentencing judge.

As noted, supra, appellant's motion was filed before *Fields* was ruled and the trial court's order denying the motion was entered before that decision. Consequently, the law prior to *Fields* is applicable as to the issues of appointment of counsel and specific findings and conclusions by the trial court. Thus, if appellant's motion did not present questions of law or issues of fact counsel was not required to be appointed [*Cole v. State*, 553 S.W.2d 877 (Mo.App. 1977)] and specific findings and conclusions by the trial court were not mandated by the former rule. *Baker v. State*, 584 S.W.2d 65 (Mo.banc 1979). Furthermore, in its order denying appellant's motion, the court did find that the allegations in the present motion were either included or could have been included in his first motion, and in any event the allegations were refuted by the records. See: *Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

Rule 27.26(d) prohibits a second or successive motion where the ground presented in

1. *Fields* adopted the prospective rule that counsel be appointed for indigent pro se movants under Rule 27.26, that counsel have an opportunity to amend the motion, and that in ruling the motion the trial court make findings of fact and conclusions of law. *Fields* was handed down November 6, 1978, and Rule 27.26 was thereafter amended to comply with that decision. Appellant's present motion was made July 25, 1978, and ruled November 3, 1978.

the subsequent application was either raised and determined adversely to an applicant in his prior motion or where the ground presented could have been raised in the first motion. Appellant's second motion closely parallels his first application for postconviction relief. The only noticeable difference is the additional allegations concerning alleged ineffective assistance of counsel. The additional allegations could have been presented in appellant's initial motion and the trial court did not err in ruling the successive motion without appointment of counsel, holding an evidentiary hearing, or making more specific findings and conclusions. *Clark v. State,* 602 S.W.2d 795 (Mo.App.1980).

The judgment is affirmed.

All concur.