John W. HALIBURTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31595.

Missouri Court of Appeals, Western District.

March 30, 1981.

Rehearing Denied May 4, 1981.

Application to Transfer Denied July 14, 1981.

---

1. *Contra, Baecher v. Baecher*, 58 App.Div.2d 821, 396 N.Y.S.2d 447 (1977).

Peter J. Koppe, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas city, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The petitioner Haliburton appeals from the denial, after appointment of counsel but before hearing, of a successive Rule 27.26 motion to vacate a conviction for second degree murder on a plea of guilty.

The plea was entered on May 19, 1972, after jurisdiction over Haliburton was relinquished by the juvenile court to the criminal authority for prosecution. In year 1975 the petitioner Haliburton brought a motion *pro se* to set aside the conviction and 35-year sentence on the allegation of ineffective trial counsel. The petition [according to the pre-*Fields*[1] practice] was ruled adversely to contention as a matter of law on the records and without appointment of counsel. Then in year 1978 the petitioner Haliburton filed another Rule 27.26 motion *pro se* on allegations, once again, of ineffective trial counsel, but also that the juvenile court waiver of jurisdiction to the criminal court was void on various grounds, and that

1. *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978).

2. The judicial initiative to question the sufficiency of a successive motion as a pleaded cause of action is not an issue on appeal. A court has power to determine questions only as prescribed by law. That exercise of power usually awaits the initiative of a party. [See, *State ex rel. Division of Family Services et al. v. Oatsvall et al.*, 612 S.W.2d 447 (Mo.App.

§ 211.071 which enacts the criterion for relinquishment of jurisdiction by the juvenile court to the criminal authority is void for vagueness.

In due course, the court appointed counsel on the *forma pauperis* application of the petitioner. In preparation of amendment of the *pro se* motion, counsel brought a formal writ to return the petitioner from prison for consultation. That action prompted the court to make inquiry of counsel as to the basis for the successive motion[2] and to cite the adjudication of the prior Rule 27.26 motion [affirmed in *Haliburton v. State*, 546 S.W.2d 771 (Mo.App. 1977)]. Counsel responded by formal memorandum to the effect that the pre-*Fields* practice to withhold from an indigent *pro se* petitioner the appointment of counsel only when the motion stated a cause of action for relief prevented Haliburton from assertion of other grounds then available but known only to a lawyer. The court then ruled on the writ and on the motion, as well, without hearing or other evidence:

> The petition For A Writ Of Habeas Corpus Ad Testificandum coming on for hearing, the Court hereby denied said Writ and further denies Petitioner's Motion to vacate and set aside judgment and sentence pursuant to Missouri Supreme Court Rule 27.26. The rule in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) is prospective only. The Court, therefore, has denied a hearing on said motion and the motion.

The petitioner does not complain that there was no opportunity to amend the motion before judgment was entered, but only that he was not given opportunity to present evidence on the grounds alleged. The petitioner understands that the motion

1981)]. Rule 27.26, however, contemplates that the motion for collateral attack on the conviction will be filed *in the court which imposed sentence* and that, where the proceeding is a successive motion, "*[t]he sentencing court shall not entertain a second or successive motion for relief ... where the ground presented is new but could have been raised in the prior motion ....*" [Rule 27.26(d) emphasis added]

was denied "because of its successive nature." The contention on appeal iterates the basis pleaded to validate that pleading as a cause of action, as required under Rule 27.26(d) and Rule 27.26 Appendix ¶ 14: that the pre-*Fields* practice to appoint counsel only when the *pro se* motion stated a cause of action for Rule 27.26 relief prevented Haliburton from assertion of grounds available but only discernible to a lawyer.

The successive motion alleges the grounds that trial counsel was ineffective and that the irregularity in the juvenile court certification proceeding invalidated the plea of guilty in the criminal court. Taken on its own terms the motion does not state a cause of action. The ground of ineffective counsel was determined against Haliburton on the first motion, was affirmed on appeal, and is precluded by res judicata. *Frost v. State*, 589 S.W.2d 370, 371[1] (Mo.App.1979). The decisions are conclusive, also, that a minor defendant waives objection to the juvenile court adjudication of suitability for prosecution by a subsequent voluntary plea of guilty in the criminal court. *State v. LePage*, 536 S.W.2d 834, 836[2] (Mo.App.1976). The cognate allegation that the statute which governs the waiver of jurisdiction over the juvenile to the criminal authority [§ 211.-071] is void for vagueness of criterion has also been determined against contention by established precedents. *State ex rel. T.J.H. v. Bills*, 495 S.W.2d 722, 726[12] (Mo.App. 1973); *Coney v. State*, 491 S.W.2d 501, 511[13] (Mo.1973). The rule for appointment of counsel in *Fields* does not suspend the operation of Rule 27.26(e) that the court proceed to evidentiary hearing only *"if issues of fact are raised in the motion* [or] *if the allegations . . . directly contradict the verity of records of the court."* The motion presented no justiciable issue of fact nor any contradiction of the records. The court properly proceeded to judgment without hearing.

We conclude from the very face of the successive motion, rather that the grounds tendered as new were not only available to the petitioner on the prior motion, but susceptible of formulation by him *pro se* then, as they were [unaided by amendment by appointed counsel] on the successive motion.

The successive motion raised no issue of fact, but only whether that pleading was sufficient as a matter of law under Rule 27.26(d). The order of the trial court to deny the motion because: *[t]he rule in Fields v. State, 572 S.W.2d 477 (Mo.banc 1978) is prospective only*—finds in pith against the only essential contention of the successive motion, that *Fields* should be given a retrospective effect in the case when the absence of counsel disables a *pro se* petitioner from full articulation of post-conviction grounds.

The judgment is affirmed.

All concur.