Joseph SEIBERT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31703.

Missouri Court of Appeals,
Western District.

June 16, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 24, 1981.

Application to Transfer Denied
Sept. 8, 1981.

James W. Fletcher, Public Defender,
Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City,
Philip M. Koppe, Asst. Atty. Gen., Kansas
City, for respondent.

Before KENNEDY, P. J., and SHAN-
GLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The defendant Seibert appeals from a
denial of a Rule 27.26 motion entered after
appointment of counsel and presentation of
evidence. The defendant pleaded guilty to
murder in the first degree on September 14,
1964, and was sentenced to life imprison-
ment. In year 1967 the defendant brought
a Rule 27.26 motion which was overruled
because the defendant had escaped from
custody.[1]  He was captured within days in
Oklahoma for robbery, pleaded guilty, and
was sentenced on that charge to a term of
150 years. He escaped from that custody
and in year 1975 committed a bank robbery
in Tennessee and was sentenced to a federal
prison for a thirty-year term. Thereupon,
the defendant was returned to the Missouri
prison.

▇▇ The motion as finally amended as-
serted grounds of an insufficient indict-
ment, the entry of the plea under duress,
the denial of a speedy trial, and the inade-
quate performance of counsel in particulars.
The contentions of duress, denial of a

---

1. The propriety of the successive motion was
not made an issue. See, Rule 27.26(d).

speedy trial, and derelictions of counsel were determined against defendant by express findings of fact and conclusions of law. These rest on substantial evidence, are not clearly erroneous, and are affirmed. The declarations of fact and law prefatory to judgment did not however, determine the contention of law that the indictment was insufficient as a formal charge of murder in the first degree.

■ The pleaded contention was that an indictment which fails to employ the terms *murder* and *kill* does not sufficiently inform the accused that the prosecution charges murder. The assertion has no merit. The formal indictment, in the terminology then apt, alleged [together with the requisite state of mind, and so on] that Seibert made an assault upon Stefani [the decedent] with a pistol "loaded with gunpowder and leaden balls, there inflicting upon Stefani a mortal wound" from which Stefani died within the year. It was in the form and content approved as a charge of murder in *State v. Downs*, 593 S.W.2d 535, 539 (Mo.1980). The merit of contention aside, the requirement of Rule 27.26(i) that the court enter "findings of fact and conclusions of law on all issues presented" is peremptory. *Fields v. State*, 572 S.W.2d 477, 483[2, 3] (Mo. banc 1978). We determine, however, that the indictment was not an *issue presented* to the court for adjudication within the sense of Rule 27.26(i), but was abandoned, and so not subject to the prescription of the rule.

■ The allegation of insufficient indictment was never presented to the court for adjudication other than by the pleaded recital. There was no argument or assertion of valid authority on the hearing, so the contention is not for review. *Hemphill v. State*, 566 S.W.2d 200, 204[6, 7] (Mo. banc 1978).

The judgment is affirmed.

All concur.