STATE of Missouri, Respondent,

v.

Billy E. FITZPATRICK, Appellant.

No. KCD 27322.

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer
Denied July 7, 1975.

William G. Mays, II, Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J. and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals his sentence to thirty years confinement following his conviction of rape.

The crime occurred on August 12, 1973. Defendant was arrested on an unrelated charge on August 16, 1973, and because a police officer in Columbia noted a resemblance between the defendant and a composite drawing which another police officer had made of a man alleged to have committed a number of rapes in Columbia, defendant was placed in a line-up. He was viewed by the victim of the rape in this case as well as at least one other victim. As a result, the victim identified defendant and he was subsequently charged with this crime.

The defendant does not question the sufficiency of the evidence to support his conviction. He only raises two points on this appeal; the first is the refusal of the trial court to require the State to give defendant a copy of the composite drawing, and second, the refusal to suppress the pre-trial identification made of the defendant at the line-up by the victim.

The defendant argues in his first point that his trial was rendered manifestly unfair because the composite drawing was not made available to him so that his attorneys could cross-examine the victim concerning her identification of the defendant. There was no evidence adduced to show the victim of this crime ever saw such composite drawing or that any description given by this victim contributed to the making of such drawing. Immediately after the crime, the victim reported the matter to the police officers and gave them a description of her assailant. The victim's description was based on her observation of the defendant's face for a period of two minutes in her room prior to the assault, with the room lighted by 75 to 100 watt light bulbs.

Defendant does not elaborate on how the composite drawing would have aided him in testing the identification made by the victim. In fact, the victim was vigorously cross-examined by defendant's counsel concerning various physical characteristics of defendant which she saw and observed and which she said led her to identify him.

The defendant makes some intimation that he wanted to bring out the fact that a number of other rapes had occurred in this general vicinity and explore the description of the assailant in those cases and compare such description with the description given by the victim. Such reference to other crimes and the descriptions given by the victims of those crimes would be totally irrelevant to any issue in this case. Nor would the descriptions of the assailants given by the other victims have any bearing on the description given by the victim here. Such evidence would be highly prejudicial if the State attempted to introduce the same, and would be totally irrelevant if the defendant attempted to do so. State v. Reese, 364 Mo. 1221, 274 S.W.2d 304 (Mo. banc 1954).

■ Furthermore, at the time this case was tried there was no right of discovery on the part of the defendant to obtain the composite drawing made by the police department. State v. Herington, 520 S.W.2d 697 (Mo.App.1975). Moreover, this case is similar to State v. Cannon, 465 S.W.2d 584 (Mo. banc 1971) in which the denial of a request for a composite drawing was upheld. As stated in Cannon at page 588[2]: "[t]hat description would have been of no use to defendant's counsel in trying to impeach a particular witness because it did not purport to be a description given to the police by any specific witness".

■ In this case, the composite was not shown to have been the result of any description given by the victim, so the draw-ing could have been of no possible value in cross-examining the victim as to her identification of the defendant. For these reasons defendant's trial was not rendered manifestly unfair by the refusal of the State to give the defendant the composite drawing. There is no merit in the first point.

Defendant next complains of the refusal to suppress the pre-trial identification made by the victim at the line-up in which the defendant appeared with four other men. Defendant does not specify any improper suggestions or conduct on the part of anyone during this line-up, nor does the defendant state in his brief why the line-up identification was improper. However, this court has carefully read the transcript, including the testimony taken at the pre-trial hearing on defendant's motion to suppress the line-up identification. No improper conduct or any suggestive procedure on the part of anyone to cause the victim to identify the defendant is shown.

■ It is necessary to view the totality of the surrounding circumstances of the identification procedure as stated in State v. Parker, 458 S.W.2d 241 (Mo.1970) and in State v. Hendrix, 520 S.W.2d 701 (Mo.App. 1975). It is apparent the three tests mentioned in such cases have been fully satisfied in this case. Here, the victim had an independent basis of identification based on her observation of defendant in her room for fully two minutes prior to the assault; there is no evidence of any suggestive influence on her; and she made a positive courtroom identification. In addition, the defendant has failed to assert any ground to show the line-up identification should be suppressed. For that reason, defendant's second point is overruled.

Finding no error, the judgment is affirmed.

All concur.