Billy Edward FITZPATRICK, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29859.

Missouri Court of Appeals,
Western District.

.

Feb. 26, 1979.

340

Denise V. Phillips, Columbia, for appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM:

This appeal is from the order of the trial court denying relief to appellant on his Rule 27.26 motion. Supporting his claim to post trial relief, appellant contended trial counsel was ineffective in (a) failing to supply appropriate advice and information on opportunities for change of venue; (b) adversely affecting appellant's cause by the conduct of voir dire and in closing argument, and; (c) failing to preserve for appellate review alleged error in closing argument by counsel for the state.

■ Appellant was convicted by a jury of the offense of rape and was sentenced to a term of thirty years. The judgment and sentence were affirmed by this court on direct appeal. *State v. Fitzpatrick*, 525 S.W.2d 342 (Mo.App.1975). The trial court's ruling on the subsequent motion for post conviction relief followed appointment of counsel and an evidentiary hearing and included extensive findings of fact and conclusions of law. Upon this review, the appellate court is limited to a determination of whether the findings, conclusion and judgment of the trial court are clearly erroneous. Rule 27.26(j). The result may not be regarded as clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Crosswhite v. State*, 426 S.W.2d 67 (Mo.1968).

■ The burden is on appellant who seeks relief on grounds of ineffective assistance of counsel "to establish a serious dereliction of duty on the part of his counsel which materially affected his substantial rights * * * The dereliction should be of such grave nature as to obviously result in a miscarriage of justice". *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App.1977).

■ In the subject case, the record demonstrates that the opportunity to seek a different trial forum was discussed between appellant and his trial counsel and the decision not to seek removal from the known circumstances prevailing in Boone County to the unknown circumstances in a different circuit was a matter of trial strategy. A tactical decision by counsel not to seek a change of venue is not a subject for hindsight and does not demonstrate incompetency of counsel, unless manifestly wrong. *Beeman v. State*, 502 S.W.2d 254 (Mo.1973). Appellant's first point is not supported in the record by a significant factual basis and, further, involves a decision on trial

strategy which was a value judgment not now available for retrospective reevaluation on a charge of ineffective counsel.

Appellant next directs attention to segments of the voir dire and to closing argument both by appellant's counsel and counsel for the state. He complains of voir dire reference to published accounts of other crimes and the effect upon the ability of prospective jurors to remain unprejudiced and objective.

 The examination of the jury panel by defense counsel was obligatory by reason of current newspaper publicity on crimes similar in nature to the offense with which appellant was charged. More extensive inquiry of particular panel members was necessitated by reason of equivocal responses, and such questioning ultimately resulted in disqualification of two prospective jurors for cause. Upon the record, it is apparent that appellant's counsel employed voir dire for the intended purpose of qualifying an open minded, unbiased jury and that the charge of incompetent counsel associated with the voir dire inquiry lacks any substance in fact.

Appellant further notes that in closing argument, his attorney referred to him several times as "Billy Fitzgerald" rather than Billy Fitzpatrick, and contends that closing argument by the state improperly called attention to the fact that appellant's evidence was given under affirmation rather than under oath.

Counsel's reference to appellant as "Fitzgerald" occurred four times in the argument while he was correctly identified as Fitzpatrick some sixteen times. Totally apart from the natural assumption that counsel in the vigor of argument confused the two similar names, this lapse is unavailing to appellant as he has neither shown nor attempted to show in what manner he was thereby prejudiced. Not only must the movant seeking post trial relief show failure of counsel to perform some duty, he must also establish that the failure actually prejudiced the defense. *Haynes v. State*, *supra*.

Finally, appellant complains of improper argument by the prosecuting attorney. The subject addressed a comparison between appellant's refusal to accept the witness oath and his testimony which included a reference to the deity as a witness to appellant's innocence. Although testimony by affirmation is fully sanctioned, the line of argument here was invited by the inconsistency or flexibility of appellant's personal beliefs and was well within the bounds of the evidence and of propriety in argument. The issue, however, is not the error of the argument but the contention that appellant's counsel was remiss in failing to preserve the point on direct appeal. Even if it be assumed that the prosecutor's argument exceeded permissible limits, mere failure of defense counsel to preserve the issue on appeal is not a basis to grant relief under Rule 27.26. An error or mistake in trial strategy or judgment must, to justify vacating judgment of conviction, have been of such character as to deprive movant substantially of his right to a fair trial. *McConnell v. State*, 530 S.W.2d 43 (Mo.App.1975). Such is not demonstrated to have been the effect in this case.

Judgment affirmed.