**Charles Lee CLARK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31343.**

Missouri Court of Appeals,
Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1980.

Application to Transfer Denied
Sept. 9, 1980.

William A. Shull III, Legal Aid of Western Missouri, Warrensburg, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

SWOFFORD, Judge.

This is an appeal from an order overruling appellant's (movant's) motion to set aside and to vacate judgment of conviction and sentence of movant for Robbery, First Degree. The motion was filed under Rule 27.26 and was based upon alleged ineffective assistance of counsel. The background and procedural history of this matter is of vital importance to the disposition of this appeal and is therefore recounted here with particularity.

While on parole from a previous conviction and sentence for robbery, the movant was charged with Robbery, First Degree under Section 560.120 RSMo 1969 and as a Second Offender. He pleaded not guilty, counsel was appointed, a jury was waived, and the case was tried. On July 22, 1975, he was found guilty, and on July 24, 1975 he was sentenced to a term of twenty (20) years in the Department of Corrections, which sentence he is now serving. No appeal was taken from the judgment of conviction.

At the time the movant was brought before the court below for sentencing, his counsel made a preliminary statement to the court (in open court with the movant present) that he had discussed with his client the matter of filing a motion for a new trial and pursuing an appeal from the conviction and had explained to the movant that "I did not feel that there was any error committed during the course of the case * * *. So, I did not feel that there was anything that would be grounds for any possible new trial or future appeal, and I so advised him". Thereafter the following appears in the transcript of the sentencing proceedings:

"(COUNSEL): He feels that it's best that he just get started serving his time where he can get good time as soon as possible, so he has advised me that he wants to waive any rights for motion for a new trial or waive any rights for appeal and proceed with sentencing here today.

THE COURT: Mr. Clark, is that correct?

THE DEFENDANT: Yes, sir, Your Honor."

The trial court thereupon explained to the movant, Clark, that it was optional as to whether a motion for a new trial was filed in a court-tried case; that an appeal could be taken within 10 days after sentence and judgment, without that preliminary step by filing a notice of appeal; that the court would permit him to take an appeal as a

poor person so there would be no cost to movant; and, that counsel would be appointed for him to handle such appeal. The following then appears in the transcript:

"THE COURT: * * * Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Is it your desire, at this time, however, to waive the motion for a new trial and to be sentenced at this point?

THE DEFENDANT: Yes, sir, Your Honor."

Thereupon, after receiving sentence recommendations from the prosecutor and defense counsel and affording allocution, the sentence and judgment was entered, as aforesaid.

On April 14, 1978, the movant filed his first motion under Rule 27.26. In this motion it is alleged, in substance, that the movant had ineffective assistance of counsel in the July, 1975 trial and sentence. The motion states, "Appointed counsel neglected to file New Trial Motion, thereby denying movant right to appeal judgment of conviction". He further states that after sentencing and transfer to the penitentiary, he received a letter and some "forms" from appointed counsel for his signature; that the "forms" stated that "he did not wish to file a new trial motion/appeal; that he mailed these forms back to counsel, unsigned, and, requested that an appeal be taken. The motion states that the movant remembers that counsel stated to the court on the day of sentencing that "they (he and movant) did not wish to file a new trial motion at that time". It does not appear in this first 27.26 motion when this exchange of communications between movant and his counsel occurred. A forma pauperis affidavit was attached to the motion.

On May 17, 1978, the trial court entered an Order and Judgment which sets forth in substantial detail the waiver of movant and his counsel of his right to file a motion for a new trial, the explanation by the Court as to appeal procedures on jury-waived convictions, his right to appeal as a poor person, and the fact that no appeal was taken—all

as set forth above. No evidentiary hearing was had on this motion and no counsel was appointed. The court there ruled:

"The Court overrules the Motion without hearing based on the facts and records in the case."

and further:

"The Court finds from the files and records that the defendant has not been prejudiced in any way by his counsel's failure to file a motion for a new trial, and that if defendant had desired to file an appeal, one would and could have been filed by him in *forma pauperis*."

The movant filed a motion to vacate the judgment of May 17, 1978, again stating substantially the grounds contained in his Rule 27.26 motion, with the additional ground that he was not afforded the assistance of appointed counsel in that matter which presented questions of law and issues of fact. On May 30, 1978, the court below overruled the motion to vacate, and on June 16, 1978 the court appointed new counsel to conduct the appeal and granted leave to file the appeal in forma pauperis. On June 20, 1978, a Notice of Appeal was filed to this Court wherein the appeal was duly lodged as "*Charles Lee Clark v. State of Missouri,* No. 30296". A transcript on appeal was filed on July 7, 1978, covering all of the original sentencing procedures of July 24, 1975, and the procedures in the trial court with reference to the first Rule 27.26 motion.

Before briefing or submission of this appeal and on September 8, 1978, counsel for movant filed a Voluntary Dismissal of the appeal to which was attached a letter dated August 31, 1978 from the movant to his counsel requesting and directing that the appeal on the first 27.26 motion be dismissed, and thanking counsel for his assistance. Upon the basis of these documents, the appeal in this Court was dismissed. The above procedural history of the first Rule 27.26 motion appears as part of the permanent records of this Court in Case No. 30296, of which this Court takes judicial notice as pertinent to the disposition of the present appeal.

On September 27, 1979, the movant filed in the court below his second 27.26 motion, which contains substantially the same grounds as alleged in the first 27.26 motion as to alleged ineffective assistance of counsel in the underlying criminal charge in May of 1975, and that "The court erred in not appointing counsel to assist movant in the researching, development and presentation of his *previous motion* under Mo.Crim. Rule 27.26" and thus denied him due process of law under *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

On October 3, 1979, without appointment of counsel or hearing, the court below dismissed the second Rule 27.26 motion by Order and Judgment, in which the court found that the movant had waived his rights to a jury trial, to file a motion for a new trial, and to appeal in the underlying criminal action. The court made findings of the first appeal and subsequent dismissal of the appeal by the movant in this Court, as above related. The court then stated in that judgment:

> "The Court dismisses the Motion because it is a second and successive motion and is not to be entertained by the trial court, and further for the reason that the failure to grant 27.26 relief in the previous case is not a ground for a successive 27.26 relief in a subsequent case."

On October 24, 1979, movant was granted leave to appeal in forma pauperis and new counsel was appointed to represent him on appeal. The case has been briefed, argued and submitted for decision in this Court.

It should be noted that the movant's motion under Rule 27.26 involved here (aside from basically the same charges, somewhat embellished by conclusionary statements pertaining to ineffective assistance of counsel) charges error by the trial court in failing to appoint counsel in the *previous* motion. His brief filed in this Court, on the other hand, charges error in denying the *second* 27.26 *pro se* motion on October 4, 1979 without the appointment of counsel, thus creating an obvious variance between the two theories. The brief (as does the motion) places basic reliance on *Fields v.*

*State*, supra, and also subsequent decisions embracing the *Fields* doctrine. Both approaches have been here considered and are found to be devoid of merit.

█ As to the first 27.26 motion filed April 14, 1978 and ruled by the court below on May 17, 1978 without appointment of counsel or a hearing, the motion to vacate that judgment was denied, and, the appeal to this Court and Voluntary Dismissal of that appeal on September 8, 1978 referred to above, followed. Since all of these proceedings with reference to the movant's first Rule 27.26 motion occurred prior to the decision in *Fields v. State*, supra, decided November 6, 1978, the movant's position that the mandatory indigent *pro se* rule in *Fields*, that counsel be appointed in all Rule 27.26 proceedings at the earliest possible opportunity, is an obvious and impermissible attempt to give *Fields* retroactive application. However, the *Fields* opinion clearly and positively makes the principles therein mandated affect prospectively only, *Fields v. State*, 572 S.W.2d 477, 483 [4] (Mo. banc 1978). The rule in *Fields* and its progeny is therefore inapplicable to the movant's first Rule 27.26 motion as to the necessity for appointment of counsel in all such cases.

█ While the movant's second Rule 27.26 motion and subsequent proceedings thereon occurred within the prospective application of *Fields*, it is fatally defective upon another basis, and the court below did not err in dismissing it as a successive motion under Rule 27.26(d), which provides that a court shall not entertain a second or successive motion where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application, or where a new ground could have been raised in the prior motion. An examination of the successive motions here involved discloses that they are basically and fundamentally identical, so far as the charge of ineffective assistance of counsel is concerned, in the trial and post trial proceedings in the underlying criminal case. A close study of the records of this court lead to the unavoidable conclusion that the movant at all times was fully aware that his directions to counsel, his

responses to the trial court at the sentencing hearing, and his voluntary dismissal of his first appeal in this Court waived his right to charge his counsel with ineffective assistance in failing to file a motion for a new trial or appeal his conviction. No other substantive charges are leveled at counsel in either motion.

As to the effect of *Fields* upon the requirements of Rule 27.26(d) pertaining to successive motions, this Court in the case of *Burnside v. State*, 600 S.W.2d 157, pg. 159 (1980) stated:

"Nothing in *Fields* nor in 27.26(h), which was added to the rule subsequent to the decision in *Fields*, vitiates or in any way limits the force and effect of 27.26(d). This court holds that a motion under Rule 27.26 filed after *Fields* which is subject to summary denial under 27.26(d) may be dismissed without appointment of counsel."

See also: *Westmoreland v. State*, 594 S.W.2d 596, n.1 (Mo. banc 1980) which recognizes the continued viability of Rule 27.-26(d) after *Fields*.

The movant's second Rule 27.26 motion violated the prohibition of Rule 27.26(d) and was subject to summary dismissal without appointment of counsel or evidentiary hearing, upon the record before the trial court. In addition, both 27.26 motions here under consideration share a common and fatal deficiency. In neither motion is there any allegation or statement of fact that the record in the underlying criminal action or post trial proceedings in the court below presented any error which would justify an appeal from the conviction or afford movant any appellate relief. The rule which governs this status of the record has been recently stated in the Southern District of this Court in the case of *Edward L. Gardner, Jr., Appellant v. State of Missouri, Respondent*, 602 S.W.2d 769, page 771 (1980), in which the court said:

"A defendant who seeks postconviction relief on the ground of ineffective assistance of counsel has the burden 'to establish a serious dereliction of duty on the part of his counsel which materially affected his substantial rights. . . .

The dereliction should be of such grave nature as to obviously result in the miscarriage of justice.' *Fitzpatrick v. State*, 578 S.W.2d 339, 340 [3] (Mo.App.1979). *Fitzpatrick* points out that it is not sufficient for movant to show that counsel failed to perform some duty. Movant 'must also establish that the failure actually prejudiced the defense.' *Fitzpatrick*, supra, at 341 [8]. To similar effect see *Cox v. State*, 572 S.W.2d 631, 633 [3] (Mo.App.1978)."

▪ Even assuming that counsel's failure to file an appeal constituted ineffective assistance of counsel (an assumption in no way justified by this record) it was incumbent upon the movant to allege that such dereliction affected his substantial rights and to set forth in enough detail for understanding the nature of such rights thus affected. Or, stated differently, what reversible error would justify such an appeal had one been filed?

For the reasons herein stated, the court below did not commit any error in its handling of either the first or second Rule 27.26 motion.

The judgment is accordingly affirmed.

All concur.