**Glenn E. ESCOE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30843.**

Missouri Court of Appeals,
Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner and Kevin R. Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Glenn Escoe was convicted of assault with intent to kill with malice aforethought and sentenced to a term of 50 years. That conviction was affirmed in *State v. Escoe*, 548 S.W.2d 568 (Mo. banc 1977). Escoe filed a 27.26 motion seeking to vacate his conviction. That motion was denied after an evidentiary hearing and the entry of findings of fact and conclusions of law. Affirmed.

On this appeal Escoe contends the denial of his motion was erroneous because he was

denied effective assistance of counsel when his counsel failed to object to the introduction of evidence concerning the commission of another crime.

During the trial evidence was admitted that Escoe was present during the commission of a robbery which occurred subsequent to the date of the crime for which Escoe was being tried. In the direct appeal Escoe contended the admission of this evidence constituted plain error. The Supreme Court at 548 S.W.2d 571 held that it was error to admit evidence of the subsequent robbery but this did not result in manifest injustice or a miscarriage of justice.

On this appeal Escoe contends the admission of the evidence of the subsequent crime without objection deprived him of the opportunity to have such error considered as preserved rather than having it considered under the more stringent standard of plain error. In *Fitzpatrick v. State*, 578 S.W.2d 339, 340[3] (Mo.App.1979) this court stated:

> The burden is on appellant who seeks relief on grounds of ineffective assistance of counsel "to establish a serious dereliction of duty on the part of his counsel which materially affected his substantial rights * * * The dereliction should be of such grave nature as to obviously result in a miscarriage of justice." *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App. 1977).

 Under *Fitzpatrick*[1] Escoe has the burden to show that the dereliction of counsel in failing to object to the evidence of a subsequent crime resulted in a miscarriage of justice. The Supreme Court on direct appeal has already held this failure to object did not result in a manifest injustice or a miscarriage of justice. It could hardly be said now that the failure to object to this evidence resulted in a miscarriage of justice.

1. The trial court decision in this case came prior to the decision in *Seales v. State*, 580

The judgment is not clearly erroneous and is therefore affirmed.

All concur.

S.W.2d 733 (Mo. banc 1979) so the standard adopted in *Seales* does not apply in this case.