STATE of Missouri, Respondent,

v.

Willie WILLIAMS, Appellant.

No. 42543.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

David Uthoff, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of robbery in the second degree. The defendant was found to be a persistent offender under § 558.016, RSMo. 1978 and was sentenced by the trial court to a term of twenty-five years pursuant to § 558.021. We affirm.

The pivotal issue of this appeal is whether the trial court abused its discretion in denying defendant's request to strike for cause venireperson Mary Privett.

Our standard of review was enunciated in *State v. Christian*, 604 S.W.2d 758, 760 (Mo. App. 1980) as follows:

[T]he trial court has vast discretion in ruling on a challenge of a venireman for cause and its decision should not be disturbed except for a clear abuse of discretion. [citations omitted] This rule is based on the logical conclusion that the trial court is in a better position to determine the validity of a challenge for cause than an appellate court.

During voir dire, Ms. Privett revealed a friend and fellow employee had been the victim of a burglary. She was casually acquainted with two members of her church's congregation who were policemen. She asked defense counsel to repeat his statement concerning the state's burden of proof in a criminal case and twice, in response to his questions as to whether she would be able to determine if the state had proven its case beyond a reasonable doubt, replied "I think so." At another point, Ms. Privett gave an ambivalent answer to a question by defense counsel concerning credibility of witnesses, a query which neither the court nor the prosecutor understood.

Defense counsel then told the panel that the only evidence the jury would hear would be presented by the state. Ms. Privett asked: "You mean you won't have any defense evidence at all?" The defense attorney again explained that there was no duty on the part of the defense to put on any evidence and asked if she would be able to assess the state's evidence on its own without deviating from the reasonable doubt standard. To this, Ms. Privett answered: "I don't know about that. If you don't have any defense evidence and you just have it one sided—."

At this point, the court intervened and attempted to clarify the concepts of the presumption of the innocence of the accused, the burden of proof on the state in a criminal proceeding and reasonable doubt. Defendant's counsel then asked if Ms. Privett had any reservations. She said "Well —kind of, yes, I do." and "Well, I mean, I still don't understand why you can't hear both sides of the story, both sides of the crime. I don't understand that. Of course, I never was in Court before. I don't know anything about it but I thought you have to have both sides."

The court again explained the state's burden of proof and told Ms. Privett that she was not a suitable juror if she felt the defendant would have to prove his innocence. Ms. Privett, in response to defense counsel's question, averred she would be able to follow the judge's instruction in this area.

After excusing two other jurors for cause the court then questioned Ms. Privett as follows:

THE COURT: Very well. Juror 350, (Mary Privett) do you feel that you could give both sides a fair and impartial trial in this case, and if you feel you could not then you just simply say so.

It's your duty to say if you feel you cannot then, it's your duty to tell the Court that you can't.

MARY L. PRIVETT: I wouldn't be sure. I wouldn't be sure of it.

THE COURT: Well, the difficulty with that is, ma'am, that these attorneys are going to select this jury based upon their answers to them now. If, after you're sworn as a juror in this case you decide you could not, then it would be too late, so they have to know now if you have some doubt about it or if you would be uncomfortable in sitting as a juror in this case feeling that you may not give both sides a fair and impartial trial, then you just tell the Court that you feel that you are not a suitable juror in this case.

MISS PRIVETT: Well, there would be a slight doubt.

THE COURT: Well, Madam Juror, I suppose that we as human beings are never clear on any particular subject matter.

MISS PRIVETT: Well, that's true.

THE COURT: There is—I'm sure there's a doubt in every person's mind as to whether or not they could do this or that or when they're asked to conform to a certain standard whether they can meet

that standard. I think that is just human. But, as best you can, do you feel that you could give both sides a fair trial. Now, we have to have a yes or no answer because these attorneys have to go by what you say now because it will be too late once this jury is sworn.

MISS PRIVETT: Well, to the best of my knowledge I think I could.

THE COURT: All right. Do you wish to pursue it any further, gentlemen?

MR. CURRAN: No, your honor.

MR. FINNEY: I do not, your honor.

Ms. Privett was questioned no further.

■ On the basis of Ms. Privett's statement throughout the entire voir dire, it cannot be said that the trial court abused its discretion in failing to strike her for cause. The object of the voir dire examination is to insure that each venireperson chosen as a juror will be fair and impartial. *State v. Ransburg*, 540 S.W.2d 172, 174 (Mo. App. 1976). An admission of confusion as to the nature of the proceedings, by itself, it not enough to indicate bias or prejudice on the part of a prospective juror. To the contrary, Ms. Privett's responses indicated she was interested in obtaining as much information as possible in order to arrive at a just and fair verdict. Her desire to hear the defendant's side of the case is a normal one for a conscientious citizen, but, without grounds for belief that such a desire contributed to bias or prejudice against him, there is no abuse of discretion in failing to strike her for cause. Ms. Privett stated she would be able to reach a fair determination, even if the defendant did not put on a case.

A venireperson is not a judge of her own fitness. *State v. Thrift*, 588 S.W.2d 525, 528 (Mo.App. 1979). Here, however, the judge did not ask Ms. Privett to judge her own impartiality but whether she felt she could abide by the rules of court in reaching her verdict. On the basis of her answer to this question and her general demeanor and appearance throughout voir dire, the trial judge overruled defendant's motion to strike for cause. In doing so, he did not abuse his discretion.

■ Furthermore, after the trial court questioned Ms. Privett and she clarified her answers, defense counsel declined to pursue the matter. A defendant who seeks review of a trial court's denial of his challenge for cause need not as a predicate to review show he made use of his peremptory challenge to dispose of the venireperson or that his peremptory challenges were already exhausted. *State v. Thrift, supra.* On the other hand, defense counsel should have either renewed his motion to strike Ms. Privett for cause or questioned her further to discover bias or prejudice. It is the defendant's duty to forthrightly and plainly examine the venire persons so as to ascertain any disqualifying factors. If the defense attorney was not satisfied with Ms. Privett's qualifications after her colloquy with the trial judge, it was up to him to have asked some additional specific questions to determine whether or not she would hold it against the defendant for not testifying. *State v. Cheesebrew*, 575 S.W.2d 218, 222 (Mo.App. 1978).

■ Defendant also contends the court below erred in asking the potential jurors if they "could give both sides" a fair trial. Defendant insists this question confused the jurors as to the effect of the failure of the defendant to testify or present evidence. In light of the trial court's extensive discussion of the presumption of the innocence of the accused and the burden of proof on the state in a criminal proceeding, this statement should not have affected the jury's deliberation. The record does not show this to be error, and defendant has not demonstrated this to be prejudicial in any way. *See, State v. Crawford*, 416 S.W.2d 178, 191 (Mo. 1967).

We have also considered defendant's *pro se* brief. The brief has no merit. His Points Relied On violate Rule 30.06(d) because they are abstract and rambling statements which fail to denote a single instance of any action or ruling by the trial court sought to be reviewed. Defendant is bound by the same standard of compliance with appellate court rules and procedures as those who are admitted to the practice of

law. *Adail v. State*, 612 S.W.2d 6, 8 (Mo. App. 1980). In any event, defendant's apparent challenge of the constitutionality of the persistent offender statute was resolved to the contrary by the United States Supreme Court in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.