**Michael Eugene CONGER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32615.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1981.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled
and Denied
Dec. 8, 1981.

Earl W. Brown, Trenton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and SHANGLER, JJ.

KENNEDY, Presiding Judge.

This is an appeal from a judgment denying a Rule 27.26 motion after an evidentiary hearing. Appellant Michael Conger on February 29, 1980, pleaded guilty in Grundy

County to stealing hogs in violation of § 570.030, RSMo 1978. He was sentenced to five years' imprisonment. The trial court's judgment is affirmed.

On this appeal, appellant contends the trial court erred in denying his 27.26 motion because, as he alleges, a plea bargain between himself and the state has not been fulfilled by the state. Specifically, appellant states he relied upon an agreement related to him by his attorney whereby charges for the theft of a pickup truck in New Madrid County would not be filed if appellant pleaded guilty to the hog-stealing charge in Grundy County and if he received a sentence of at least three years. The alleged agreement has not been kept by the state, appellant contends. No charges have in fact been filed in New Madrid County, but appellant complains that he has received no documented protection or shield against prosecution in New Madrid County. How such a binding guarantee might be effectuated appellant does not tell us, but argues that he was under the mistaken belief that the New Madrid County's charges could and would be legally foreclosed. His having entered the guilty plea under this mistaken belief entitles him, as he argues, to withdraw the plea.

The following exchange among the court, prosecuting attorney Holcomb, appellant's attorney Pickett, and the appellant himself, excerpted from the transcript of the guilty plea proceeding, is dispositive of the movant's contention:

THE COURT: This proposed entry of a plea, is it the result of any understanding or agreement with the state?

MR. HOLCOMB: Your Honor, I believe that the only understanding Mr. Pickett and I have is a contact with the Prosecuting Attorney of New Madrid County, Missouri. There was a pickup truck involved and there were potential charges that could be filed down there and the understanding we have with that Prosecuting Attorney is that if a plea is entered and accepted before this court that there would be no charges filed against Mr. Conger in New Madrid County.

THE COURT: This you were informed?

MR. PICKETT: Yes, Your Honor.

THE COURT: And you communicated that to your client?

MR. PICKETT: Yes, sir, I have.

THE COURT: So that is a consideration which was, at least a fact situation to be considered?

MR. PICKETT: Yes, Your Honor. The defendant has not been promised anything. I told him that no real agreement has been arrived between Mr. Holcomb and myself, that even if we did reach an agreement, which we haven't, it would not be binding upon the court and the court would fix punishment independently.

QUESTION (By the Court): Do you understand what I have asked these gentlemen?

ANSWER: Yes.

QUESTION: And were you told about this?

ANSWER: Yes.

QUESTION: And is his statement that he has made in your behalf correct?

ANSWER: Yes.

QUESTION: So you don't understand that there is any agreement but that if this case is disposed of here, apparently the charges there in the other county will not be pursued?

ANSWER: Well, they have still got the right to bring them up.

QUESTION: All right....

Thus the guilty plea proceeding indicates that movant understood that the agreement of the New Madrid County prosecutor not to prosecute the pickup theft charge was not an ironclad agreement and might not legally foreclose prosecution for that offense. He was willing to enter the plea of guilty, taking the New Madrid County prosecutor's statement for what it was worth.

Upon this review we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous, Rule 27.26(j), *Bryant*

*v. State*, 608 S.W.2d 101, 102–103 (Mo.App. 1980); *Fitzpatrick v. State*, 578 S.W.2d 339, 340 (Mo.App. 1979). Upon the facts on the record we cannot say that the judgment of the trial court was erroneous.

The judgment is affirmed.

All concur.