**William E. GILES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42977.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

William E. Giles, Fulton, for appellant.

John Ashcroft, Kristie Green, Steven W. Garrett, Jefferson City, George Westfall, Clayton, for respondent.

CRIST, Judge.

Movant entered a plea of guilty in the Circuit Court of the County of St. Louis to a charge of murder in the second degree on April 10, 1975 and was sentenced to fifteen years in the Missouri Department of Corrections.

The following March, movant filed a Rule 27.26 motion *pro se*, alleging that his guilty plea was not voluntary and that he was denied effective assistance of counsel. This motion was overruled without appointment of counsel or an evidentiary hearing and was affirmed by this court on December 27, 1977. *Giles v. State*, 562 S.W.2d 106 (Mo. App.).

Subsequently, our Supreme Court, in *Fields v. State*, 572 S.W.2d 477 (Banc.1978) adopted a prospective *per se* rule that all indigents have counsel appointed to represent them on Rule 27.26 motions. Movant's second Rule 27.26 motion followed on August 20, 1979. The circuit court sustained movant's motion to proceed *in forma pauperis*, but believing *Fields* not to apply as the claims were or could have been presented in the previous motion as required by Rule 27.26(d), refused to appoint counsel and dismissed the Rule 27.26 motion without an evidentiary hearing. Movant maintains the trial court should have appointed counsel and made specific findings of fact and conclusions of law on his second motion. We disagree and affirm.

While movant's second Rule 27.26 motion and ensuing proceedings thereon happened within the prospective application of *Fields*, it is fatally defective for another cause, and the court below was not erroneous in dismissing it as a repetitive motion under Rule 27.26(d), which directs that a court shall not entertain a second or successive motion where the premise put forth in the subsequent motion was advanced and adjudged disadvantageously to the movant on the antecedent motion, or where a new ground could have been raised in the prior motion. A study of the successive motions presently involved brings out that they are essentially and basically alike. Movant's second Rule 27.26 motion disobeyed the ban of Rule 27.26(d) and was prone to summary dismissal without appointment of counsel. *Clark v. State*, 602 S.W.2d 795, 798–799 (Mo.App.1980).

With reference to the specificity of the findings of fact and conclusions of law of

the circuit court, the record is adequate to allow us to make an appraisal as to the propriety of the circuit court's course of conduct. One of the aims of the Rule 27.26 motion is to attain a cessation of criminal cases. A remand in order for the circuit court to clarify its findings and conclusions would be a futile gesture. *Orr v. State*, 607 S.W.2d 187, 188–189 (Mo.App.1980).

We have also reviewed movant's *pro se* statement, brief and argument filed in this court on May 21, 1981. It has no merit. The submission violates Rule 30.06. Movant is held accountable to the same level of accedence to appellate court rules and procedures as those who are admitted to the practice of law. *State v. Williams*, 624 S.W.2d 127 (Mo.App.1981).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.