STATE of Missouri, Respondent,

v.

Guy Lester BURROUGHS, Appellant.

No. 47533.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 9, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Mary Dames, Asst. Public Defender, William J. Shaw, Public Defender, Clayton, Michael H. Musich, St. Louis, for appellant.

Clement Burns, Clayton, John Ashcroft, Atty. Gen., Theodore A. Bruce, Kristie Lynne Green, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of seven counts of rape, sixteen counts of sodomy, four counts of incest and two counts of promoting prostitution. He was sentenced by the trial court as a prior offender as follows:

(1) A term of imprisonment of fifteen (15) years each in the custody of the Department of Corrections and Human Resources for the offense, Counts 1, 2, 3, 7, 8, Rapes, Class B Felonies; a term of imprisonment of five (5) years each for the offenses, Count 9, 10 and 12, Incest, Class D Felonies; and a term of imprisonment of fifteen (15) years each for the offenses, Counts 13 and 14 of Promoting Prostitution, First Degree, Class B Felonies. Each of the sentences imposed above were to run consecutively, for a total of 120 years.

(2) Defendant was further sentenced to serve a term of imprisonment of fifteen (15) years each for the offenses, Counts 4, 5, 6, 30 and 16 through 27, Sodomy, Class B Felonies; a term of imprisonment of five (5) years for the offense, Count 11, Incest, a Class D Felony; and a term of imprison-

ment of fifteen (15) years each for the offenses, Counts 28 and 29, Rape, Class B Felonies. Each of the sentences in paragraph (2) were to run concurrently with each other and with the sentences imposed in paragraph (1) above.

Defendant and his wife had a daughter in 1966 and a son in 1967. Defendant and wife separated in 1975. The two children thereafter lived with the defendant father. At trial, defendant presented no evidence in his behalf. The evidence favorable to the verdict showed defendant was guilty of continuing incestual sexual conduct with his son and daughter for many years prior to his arrest.

■ Defendant raises 6 Points in this appeal. In Point I, defendant contends the trial court's refusal to strike a venireman for cause from the jury panel was reversible error. Venireman McNearney stated that he believed he would take a police officer's testimony over the defendant's, but would consider the testimony of a police officer and any other lay person fairly equal. Defense counsel did not inquire further of this venireman. After voir dire, defendant's counsel moved to strike this venireman for cause. The trial court offered to permit defense counsel further opportunity to inquire into whether the venireman was in fact biased, but counsel refused. Because of this failure, the defendant cannot now complain that the trial court abused his discretion by failing to strike the venireman. *See State v. Williams*, 624 S.W.2d 127, 129 (Mo.App.1981).

In Point II, defendant asserts that the trial court erred by refusing to sever the charges against him. Defendant was initially charged with 51 felonies. The state filed an order of nolle prosequi as to 20 counts. Without detailing the sordid evidence, the 31 remaining counts dealt with the defendant involving his two children in various deviant sexual acts from June 1979 until on or about March 31, 1981.

■ Where a defendant is charged with more than one offense, the offenses may be tried jointly or separately, in the discretion of the trial court. Rule 24.07. A denial of a motion to sever will be disturbed only upon a clear showing of abuse of this discretion. *State v. Bextermueller*, 643 S.W.2d 292, 295 (Mo.App.1982). Here, the evidence was related and of a continuing nature. The defendant was involved in a common scheme and plan to pervert his children's morals, and to use them for his own enjoyment and profit. Broad joinder is to be encouraged and this is the kind of case that lends itself to the more efficient administration of justice by trial of all counts. *See State v. Darnell*, 639 S.W.2d 869, 871 (Mo.App.1982); Rule 23.05.

In Point III, defendant complains of the admission into evidence of a notebook containing records of defendant's prostitution business. Defendant alleges the notebook was not relevant to prove his prostituting his daughter.

■■ On matters of relevancy, the trial court has broad discretion. *State v. Wickizer*, 583 S.W.2d 519, 524 (Mo. banc 1979). The notebook in question was relevant because it related to the defendant's prostitution business, in which defendant's son and daughter were involved. In addition, the notebook corroborated the testimony of the defendant's daughter. She testified her father arranged prostitution for her, involving a man whose name appears as a customer in the notebook. The notebook was properly admitted into evidence.

■ In Point IV, defendant asserts he did not receive a fair trial because each of the children, while testifying, referred to the women working for the defendant as prostitutes. There was abundant evidence the women worked for defendant as prostitutes. This fact was well known to the children. The occupation of a person is usually based, in part, upon hearsay. Defendant's point is denied.

In his fifth point, defendant asserts the warrantless search and seizure of a box containing various photographs violated his rights under the Fourth Amendment to the United States Constitution and Art. I, § 15 of the Missouri Constitution. The photo-

graphs seized depicted the defendant's daughter in nude and semi-nude poses, and also showed her engaging in various sexual acts with the defendant and others. The defendant maintains he had a lawful privacy interest in the contents of the box. We disagree.

In October, 1981, while defendant and his wife were separated, defendant brought the box, which was taped shut, to his wife's house where their son and daughter also lived. Defendant left the box in a closet, knowing that his daughter had knowledge of the whereabouts and contents of the box. After spending several months in prison, defendant again visited his wife's house, but did not remove the box. Subsequently, defendant's daughter and wife brought the box to the police and consented to its search.

In order to raise a Fourth Amendment challenge, the defendant must show a reasonable expectation of privacy in the object searched. Defendant had no such expectation in the contents of the box. He left the box in the exclusive control of his victim. He knew his daughter had knowledge of the contents of the box. Under these circumstances, the defendant assumed the risk that his daughter, the victim, might consent to a search of the box. *See Frazier v. Cupp,* 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969). Failing to show a reasonable expectation of privacy in the box, the daughter's consent was valid, and the defendant may not raise any Fourth Amendment objection to the search. *State v. Wood,* 613 S.W.2d 898, 900 (Mo.App.1981).

In his final point, defendant contends the trial court erred by admitting certain pictures of defendant's daughter and other women in various stages of undress. The trial court has broad discretion in determining the admissibility of demonstrative evidence, such as photographs. *State v. Burnfin,* 606 S.W.2d 629, 630 (Mo. 1980). The pictures were relevant to show defendant was in the prostitution business, promoted his daughter in prostitution and had deviate sex with his daughter.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.