**Ricky Leonard PHILLIPS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13357.**

Missouri Court of Appeals, Southern District, Division One.

June 4, 1984.

David Robards, Joplin, for movant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Ricky Phillips appeals from a denial, without evidentiary hearing, of his Rule 27.26 [1] motion to set aside a judgment and sentence for second degree murder based on a guilty plea. Movant's sole point is that the trial court erred "in summarily overruling the motion after appointing counsel to represent movant, as the trial court was required to notify counsel and give counsel an opportunity to be heard on whether the motion should be dismissed."

The "statement of facts" portion of movant's brief fails to mention that the instant motion was movant's *second* motion under Rule 27.26. Similarly the brief fails to mention the grounds of either the first or the second motion.

Rule 27.26(d) provides, in pertinent part, "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application...."

Movant's plea was entered in May 1979 and judgment thereon was entered in June 1979. Movant's first motion was filed in October 1981. One of the grounds set forth in that motion was that movant was improperly charged with the offense of second degree murder and movant did not understand what the charge of second de-

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

gree murder entailed. More specifically, movant claimed that he did not intend to kill the victim. In July 1982 the first motion was overruled and movant did not appeal.

The second motion was filed on January 18, 1983. It incorporated the ground in the first motion as set forth above. The second motion then recited that movant should have been charged with manslaughter because he did not possess the intent to kill the victim and that he was unaware that such intent was an element of the offense of second degree murder.

Also on January 18, 1983, the trial court entered an order appointing counsel for movant. The order recited, "After movant's attorney has had reasonable time to file amended motion, either party may request an evidentiary hearing." On May 19, 1983, movant's counsel, by letter to the trial court, requested an evidentiary hearing. At no time was the second motion amended. On May 20, 1983, the trial court denied counsel's request for an evidentiary hearing and overruled the second motion "for the reason that said motion violates Rule 27.26(d)."

Movant relies primarily on *Remington v. State*, 654 S.W.2d 280, 281 (Mo.App.1983), where this court said:

" 'The procedure adopted here is directly contrary to the rule announced in *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977). After appointment of counsel, the court must notify counsel and give an opportunity to be heard before summarily dismissing a motion under Rule 27.26.' *Dawson v. State*, 640 S.W.2d 165, 166 (Mo.App.1982)."

As the excellent brief of the state points out, however, the Rule 27.26 motions involved in *Remington, Wheatley* and *Dawson* were original motions rather than "second or successive" motions of the type proscribed by Rule 27.26(d). Movant's second motion presented the same ground which was raised and determined adversely to him on "the prior application," that is,

the first motion. It is the mandate of Rule 27.26(d) that the trial court "not entertain" the second motion.

Whether or not the trial court was under a duty to appoint counsel and extend to him the opportunity to amend the second motion, matters which need not and are not decided,[2] the fact is that the trial court took those steps. The second motion not having been amended, the trial court had no alternative but to dismiss the new proceeding. *Warren v. State*, 637 S.W.2d 842, 843 (Mo. App.1982); *Blaine v. State*, 603 S.W.2d 109, 111 (Mo.App.1980). As stated in *Blaine*, at p. 111, "Movant's second or successive Rule 27.26 motion should have been dismissed by the trial court at the outset, and, accordingly, movant's appeal from the judgment of the trial court denying him relief on the merits is dismissed."

It would have served no purpose for the trial court to have notified counsel and given him an opportunity to be heard before dismissing the second motion. Movant was not prejudiced by the failure of the trial court to make that idle gesture.

Appeal dismissed.

GREENE, C.J., and TITUS and CROW, JJ., concur.

---

**2.** See *Giles v. State*, 633 S.W.2d 82, 83 (Mo.App. 1981); *Clark v. State*, 602 S.W.2d 795, 798–799 (Mo.App.1980).