**Blake Edward ANDERSON,**
**Plaintiff–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 53042.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1988.

Application to Transfer Denied
April 19, 1988.

David C. Hemingway, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the trial court granted the state's motion to dismiss his second Rule 27.26 motion. We affirm.

The first Rule 27.26 motion was filed by movant on January 7, 1982. It was denied after an evidentiary hearing. We affirmed. *Anderson v. State,* 647 S.W.2d 883 (Mo. App.1983).

Movant filed the present motion on February 3, 1987. He claimed the state had failed to abide by the plea agreements in causes 395976 and 396485. Counsel was appointed to represent movant. The state moved to dismiss the motion because movant had filed a Rule 27.26 motion in 1982 which was denied. The state alleged movant made no allegation in his second motion that the grounds raised were unknown at the time of his previous Rule 27.26 motion and could not have been raised in it. The court granted the state's motion.

■■■ Movant contends the trial court erred in failing to notify his counsel prior to ruling on the motion to dismiss and in failing to issue findings of facts and conclusions of law.

Rule 27.26(d) states:

(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

We find no error here. In his motion, movant failed to allege the grounds raised were unknown at the time of his first Rule

27.26 motion and could not have been raised in that motion. Thus, the motion was subject to dismissal. *Giles v. State,* 633 S.W.2d 82, 83 (Mo.App.1981).

In a second Rule 27.26 motion which is subject to summary dismissal for failure to comply with Rule 27.26(d), such as this one, neither appointment of counsel, notice prior to dismissal, nor findings of fact and conclusions of law are required. *See Giles,* 633 S.W.2d at 83–84; *Phillips v. State,* 672 S.W.2d 180, 181 (Mo.App.1984); *Huston v. State,* 679 S.W.2d 408, 410 (Mo.App.1984). *Lewis v. State,* 700 S.W.2d 491 (Mo.App. 1985), relied on by movant, is not controlling here.

Furthermore, it is obvious to us that any violation of a plea agreement, if there was one, would have been known at the time of the first Rule 27.26 motion and could have been raised in that motion.

■ In addition, the record reveals there was no violation of a plea agreement. In cause 395976, movant, who had several previous convictions, stated the parties agreed he was to receive a sentence of five years if he didn't receive probation. A pre-sentence report was requested. After receiving the report on December 21, 1977, the court sentenced him to fifteen years in prison and placed movant on probation for five years. The court said, "[i]f your probation is revoked, you've got fifteen years coming."

On January 17, 1978, movant appeared before the court in cause 396485, charged with two counts of possession of drugs. He said he had not been promised probation on the two counts. The court explained that under the law, because of his previous drug conviction, he could not be sentenced and placed on probation. The court stated it was willing to "suspend imposition of sentence on both counts." Movant said he understood and agreed. The court told movant that it would not commit itself to a sentence of fifteen years on these charges if movant violated probation. With this explanation movant was given an opportunity to withdraw his guilty pleas, which he declined. The court then

suspended imposition of sentence on both counts and placed him on probation.

On July 18, 1980, movant again appeared in court for a probation revocation hearing. He voluntarily waived a hearing and admitted he had violated the conditions of his probation by possessing marijuana. Movant's probation was revoked, and he was sentenced to a term of 15 years on each count in cause 396485. The sentences were to run concurrently with each other and with the sentence in cause 395976. This record reveals no violation of a plea agreement.

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.